## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **TRANSDEV SERVICES, INC.,** ) | |
| ) | |
| **Petitioner,** ) | **Case No. _____** |
| ) | |
| **And** ) | |
| ) | |
| **MICHAEL DAVID,** ) | |
| ) | |
| **Respondent.** ) | |

### PETITION TO ENFORCE A LABOR ARBITRATION SUBPOENA

COMES NOW Petitioner Transdev Services, Inc. ("Transdev"), by and through its attorneys, and for its Petition to Enforce a Labor Arbitration Subpoena against Respondent Michael David ("Respondent"), alleges and states as follows:

### INTRODUCTION

1.      Respondent was subpoenaed to appear and testify at a private labor arbitration arising under a collective bargaining agreement between Petitioner Transdev and Teamsters Local Union No. 25 ("Union") after being summoned, in writing, by Arbitrator Garry Wooters.  **Carty Declaration**

2.      On July 11, 2019, Respondent refused or neglected to obey Arbitrator Wooters' executed subpoena; even though Respondent was properly served with the subpoena and a witness fee check on July 5, 2019.  **Carty Declaration ¶ 21, 23**.

3.      Petitioner Transdev seeks an order from this Honorable Court under the Federal Arbitration Act ("FAA"), 9 U.S.C. §7, compelling the attendance and testimony of Respondent before Arbitrator Wooters on a date, time and location to be determined and set in the future.

### PARTIES

1

4.      Petitioner Transdev is a corporation that is incorporated in Maryland and has its principal place of business in Illinois.  Petitioner Transdev has offices and places of business in Massachusetts within the territorial jurisdiction of this Court.  **Carty Declaration ¶ 4.**

5.      Petitioner Transdev is a private employer who provides school bus transportation services for the Boston Public Schools pursuant to a contract with the School Committee of the City of Boston.  **Carty Declaration ¶ 5**.

6.      Petitioner Transdev is an employer in an industry affecting commerce as defined in Sections 501(1) and (3) and 2(2) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§142(1) and (3) and 152(2), and within the meaning of Section 301 thereof, 29 U.S.C. §185.

7.      Respondent is an individual who resides in Roxbury, MA, and Respondent is a citizen of Massachusetts.  **Carty Declaration ¶ 6**.

8.      Respondent is employed by Petitioner Transdev as a bus operator working at its Washington Yard in Massachusetts, and Respondent is covered by a collective bargaining agreement between Petitioner Transdev and United Steel, Paper & Forestry, Rubber, Manufacturing & Service Workers International Union, AFL-CIO ("USW"), and its Local 8751.  **Carty Declaration ¶ 8**.

## JURISDICTION AND VENUE

9.      This action arises under, and jurisdiction is conferred on this Court by virtue of, Section 301 of the LMRA, as amended, 29 U.S.C. §185, the United States Arbitration Act, 9 U.S.C. §1 *et seq*., and 28 U.S.C. §§1331 and 1337.

10.      Federal common law under Section 301 of the LMRA creates a cause of action by which a party to a collective bargaining agreement that is otherwise covered by Section 301 of the

2

LMRA can enforce an arbitration subpoena against a non-signatory of that agreement. *Teamsters Nat. Auto. Transporters Indus. Negotiating Comm. v. Troha*, 328 F.3d 325, 331 (7th Cir. 2003).

11.     This Court has jurisdiction over the action under 28 U.S.C. §1331 because it arises under federal common law. *Id*.

12.     The National Labor Relations Act ("NLRA") as amended by the LMRA is a law "regulating commerce" for purposes of 28 U.S.C. §1337.

13.     The plain and unambiguous language of Section 7 of the FAA expresses Congress' intent to grant federal court original jurisdiction to enforce subpoenas properly issued and served on third parties, unlike the restrictive language in Sections 3 and 4 of the FAA. 9 U.S.C. §§3, 4 and 7.

14.     Venue is proper in this judicial district pursuant to 9 U.S.C. §7 because Arbitrator Wooters is sitting in this district for the arbitration at 544 Main Street, Charlestown, MA.

## FACTS

15.     Petitioner Transdev is party to a collective bargaining agreement with the Union, which is subject to the NLRA, 29 U.S.C. §151 *et seq.*, and Section 301 of the LMRA, 29 U.S.C. §185. **Carty Declaration Exhibit 1(A).**

16.     The Union, Teamsters Local Union No. 25, is a labor organization representing employees in an industry affecting commerce, as defined in Sections 501(1) and (3) and 2(5) of the LMRA, 29 U.S.C. §§142(1) and (3) and 152(5), and within the meaning of Section 301 thereof, 29 U.S.C. §185. **Carty Declaration ¶ 9.**

17.     The Union maintains its principal offices in Boston, Massachusetts, within the territorial jurisdiction of this Court, and the Union's duly authorized officers and/or agents are

engaged in representing or acting for employee members within the territorial jurisdiction of this Court. **Carty Declaration ¶ 10.**

18.     The collective bargaining agreement between Petitioner Transdev and the Union covers Yard Supervisors, Safety Supervisors, Trainers and Dispatchers employed at the following locations: 66R Cambridge Street, Charlestown, MA; 10-34 Freeport Street, Dorchester, MA; 49 Industrial Drive, Readville, MA; and 2000 Washington Street, Roxbury, MA. **Carty Declaration Exhibit 1(A), Article 2**.

19.     Attached to the **Carty Declaration Exhibit 1(A)** is a true and accurate copy of the collective bargaining agreement between Petitioner Transdev and the Union.

20.     Article 10 of the collective bargaining agreement between Petitioner Transdev and the Union (**Exhibit 1(A)**) states, in pertinent parts:

- "A grievance shall be defined as a claim by an employee or by the Union that the Company has violated a specific, written provision of the Agreement."

- "[T]he Union may at its discretion, submit the matter to arbitration through the American Arbitration Association pursuant to its rules and regulations within thirty (30) days of the grievance being denied at Step 3."

21.     The Union filed and requested to arbitrate a grievance under the collective bargaining agreement, which claimed Transdev violated the collective bargaining agreement by discharging member Nicole Sheets. **Carty Declaration Exhibit 1(B)**.

22.     Attached hereto as **Exhibit 1(B)** is a true and accurate copy of the grievance filed by the Union.

23.     Article 11 of the collective bargaining agreement between Petitioner Transdev and the Union **Carty Declaration Exhibit 1(A)**) states, in relevant parts:

4

2247560_1

- "Employees may be disciplined or discharged only for just cause."

- "No warning notice need be given to an employee before he/she is discharged or suspended if the cause of such discharge or suspension is: … (d) Any assault on employee's Company or Company representative during working hours."

24.     Utilizing the American Arbitration Association, Petitioner Transdev and the Union selected Arbitrator Wooters.  **Carty Declaration ¶ 17.**

25.     On July 3, 2019, Arbitrator Wooters, an arbitrator sitting in this district, executed a subpoena pursuant to 9 U.S.C. §7 compelling the attendance of Respondent to appear and testify at Teamsters Local 25, 544 Main Street, Charlestown, MA 02129 on July 11, 2019 at 10:00 a.m., which was the date and time Petitioner Transdev and Teamsters Local 25 agreed to arbitrate a dispute under their collective bargaining agreement regarding the discharge of Teamsters Local 25 member Nicole Sheets.  **Cary Declaration Exhibit 1(C).**

26.     Attached to the **Carty Declaration Exhibit 1(C)** is a true and accurate copy of the subpoena executed by Arbitrator Wooters on July 3, 2019, which was provided to Petitioner Transdev by the American Arbitration Association.

27.     Attached hereto to the **Carty Declaration Exhibit 1(D)** is a true and accurate copy of the notice Petitioner Transdev received from the American Arbitration Association confirming the date, time and location of the hearing.

28.     Attached hereto to the **Carty Declaration Exhibit 1(E)** is a true and accurate copy of the Affidavit and Invoice from Ronald M. DiGiorgio and Associates for serving Respondent with a subpoena and a seven dollar and zero cents ($7.00) witness fee on July 5, 2019.

29.     On July 11, 2019, Petitioner Transdev and the Union started the arbitration hearing before Arbitrator Wooters.  **Carty Declaration ¶ 22.**

30.     On July 11, 2019, Respondent refused or neglected to obey Arbitrator Wooters' executed subpoena.  **Carty Declaration ¶ 23**.

31.     On the morning of July 11, 2019, Respondent reported to work at Petitioner Transdev's Washington Yard and told Joseph Auguste, Branch Manager at the Washington Yard, he was not going to comply with the subpoena because his union [Steelworkers' Local 8751] told him he was not required to comply with the subpoena.  **Joseph Auguste Declaration ¶ 4**.

32.     On July 11, 2019, Arbitrator Wooters agreed Petitioner Transdev could enforce the subpoena served on Respondent without concluding or closing the arbitration hearing.   **Carty Declaration ¶ 24**.

33.     No date has not been set to continue / resume the labor arbitration because neither Petitioner Transdev, Arbitrator Wooters nor the Union were certain of the length of time necessary to enforce the subpoena.  **Carty Declaration ¶ 25**.

## <u>COUNT ONE</u>

### <u>Compel the Attendance of Michael David under the Federal Arbitration Act</u>

34.     Petitioner Transdev repeats and re-alleges Paragraphs 1 through 33 hereof, as if fully set forth within.

35.     This Honorable Court should treat this Petition as a motion.  See 9 U.S.C. §6; *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006); *Ping-Kuo Lin v. Horan Capital Mgmt., LLC*, 2014 WL 3974585 (S.D.N.Y. Aug. 13, 2014).

36.     Section 7 of the FAA, 9 U.S.C.A. §7, states:

The arbitrators selected either as prescribed in this title or otherwise, or a majority of them, may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case. The fees for such attendance shall be the same as the fees of witnesses before masters of the United States courts. Said summons shall issue in the name of the arbitrator

or arbitrators, or a majority of them, and shall be signed by the arbitrators, or a majority of them, and shall be directed to the said person and shall be served in the same manner as subpoenas to appear and testify before the court; if any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

37.     On July 5, 2019, Respondent was served with (i) a subpoena executed by Arbitrator Wooters and (ii) a witness fee check for seven dollars and zero cents ($7.00) pursuant to Section 7 of the FAA, 9 U.S.C.A. §7.  **Exhibit 1(E)**; Fed. R. Civ. P. 45; M.G.L.A. c. 262 § 29.

38.     In compliance with Section 7 of the FAA, 9 U.S.C.A. §7, Respondent was summoned, in writing, to appear and testify before Arbitrator Wooters.  **Exhibit 1(E)**.

39.     Respondent refused or neglected to obey the subpoena executed by Arbitrators Wooters, which was served on Respondent on July 5, 2019.  **Carty Declaration ¶ 23.**

40.     Enforcement of the subpoena issued to Respondent (i) effectuates the goals of Section 301 of the LMRA, (ii) is appropriate for federal common law to embrace such suits, (iii) will have a great impact on the arbitration process, and (iv) is necessary to enforce the agreement to arbitrate between Petitioner Transdev and the Union.  *Teamsters Nat. Auto. Transporters Indus. Negotiating Comm. v. Troha*, 328 F.3d 325, 333-1 (7th Cir. 2003).

41.     This Court can enforce arbitration subpoenas arising under Section 7 of the FAA. *New England Energy Inc. v. Keystone Shipping Co.*, 855 F.2d 1 (1st Cir. 1988) ("the Act in certain situations empowers the court to … enforce arbitration subpoenas.  See 9 U.S.C. §§ 5, 7.")

**WHEREFORE**, Petitioner Transdev respectfully requests this Court:

1.     Issue an order pursuant to 9 U.S.C. §7 compelling compliance with the arbitration subpoena to Respondent dated July 3, 2018 and compelling the attendance and testimony of

2247560_1

Respondent before Arbitrator Wooters on a date, time and location to be determined and set in the future.

2.      Award Petitioner Transdev such other relief as this Court deems just and proper.

Respectfully submitted,
RUBIN AND RUDMAN LLP
Attorney for Petitioner

*/s/ Paul J. Hodnett, Esq.*
Paul J. Hodnett, BBO # 236740
53 State Street, 15th Floor
Boston, MA 02109
(617) 330-7134
(617) 330-7550 fascimile
phodnett@rubinrudman.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st  day of July 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System and a copy was served on Michael David via United States First Class Mail postage pre-paid at the following address:

Michael David
58 West Walnut Park
Roxbury, MA 02119

*/s/ Paul J. Hodnett, Esq.*